

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JAIME GARCIA and all other similarly situated under 29 USC 216(B),<br>          Plaintiff,<br>vs.<br><br>STAFF JANITORIAL LLC<br>PENELOPE HOLDINGS LLC<br>PENELOPE XIDIS<br>PETER XIDIS<br>          Defendants | Case No.: **07-22491**<br><br>**CIV - GOLD**<br><br>MAGISTRATE JUDGE<br>TURNOFF |

### COMPLAINT UNDER 29 U.S.C. 201- 216(B)—OPT IN COMPLAINT

COMES NOW Plaintiff, by and through undersigned counsel, and states:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Dade County, Florida at the time that this dispute arose.

3. The Defendants reside in and /or regularly transacts business within Dade County. Upon information and belief, the Defendants were the FLSA employer for the Plaintiff for the relevant time period. PETER AND PENELOPE XIDIS was/ were the president/ vice president of the Corporate Defendants for the relevant time period and ran the day to day operations of the Corporate Defendants for the relevant time period and were responsible for paying Plaintiff's wages.  PETER AND PENELOPE XIDIS operated STAFF JANITORIAL LLC through PENELOPE HOLDINGS LLC for the relevant time period and therefore PENELOPE HOLDINGS LLC was a joint employer of Plaintiff with STAFF JANITORIAL LLC pursuant to 29 USC 203(d) for the relevant time period.

4. All acts or omissions giving rise to this dispute took place in Dade County.

1

## **FEDERAL STATUTORY VIOLATION (OVERTIME VIOLATION)**

5. This action arises under the laws of the United States. It is believed that several other similarly situated workers to Plaintiff have not received overtime wages for work performed for the Defendant over 40 hours weekly and which occurred during the (3) year period prior to filing this complaint.

6. This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.

7. 29 U.S.C. § 206 (a) (1) states " ..an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]". As of May 2nd, 2005, Florida's minimum wage was raised to $6.15/hr. The Minimum wage in Florida, pursuant to the Florida Constitution, is currently $6.67/hr.

8. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate...."

9. Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff was a commercial property cleaner for the Defendants . The Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff began work for the Defendants on at least 04/10/2006 until on or about

2

02/12/07. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials that he used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while she worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants. Upon information and belief, the Defendants grossed over $500,000 annually for the relevant time period.

10. Plaintiff worked an average of 60 hours per week for Defendants for the time period stated above.

11. Plaintiff was paid an average of $10.00 per hour for the hours that he worked for the Defendants but Defendants never paid Plaintiff overtime for the hours that he worked in excess of 40 hours weekly.

12. Defendants willfully and intentionally refused to pay Plaintiff the overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants until the end as stated above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's

entire employment period with each Defendant or, as much as allowed by the Fair Labor Standards Act--whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. The Plaintiff requests a trial by jury.

                        **Respectfully submitted,**

                        **J.H. ZIDELL**
                    **ATTORNEY FOR PLAINTIFF**
                      **300 71st STREET #605**
                  **MIAMI BEACH, FLORIDA 33141**
                          **305-865-6766**
                        **F.B.N. 0010121**

BY:_____

                            J.H. ZIDELL

4

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET  07-22491

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**: Jaime tavera

**DEFENDANTS**: Staff Janitorial LLC, Penelope Holding LLC, Penelope Xidis, Peter Xidis

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**: Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**: Dade
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**: J.H. Zidell, P.A., M. Beach, FL 33141, 300 - 71st Street, #605, (305) 865-6766

**ATTORNEYS (IF KNOWN)**:

**(d) CIRCLE COUNTY WHERE ACTION AROSE**: (DADE), MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

Miami 07CV02491-Gold/Turnoff

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

FILED by _____ D.C.
SEP 21 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | B☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☑ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | A☐ 791 Empl. Ret. Inc. Security Act | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | A☐ 871 IRS — Third Party 26 USC 7609 | |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION

(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

29 USC 201-216

LENGTH OF TRIAL _____ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 9/20/07

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # 466950  AMOUNT $350.00  APPLYING IFP _____  JUDGE 09/21/07  MAG. JUDGE _____